UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA D. LAPIERRE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV-12-3099-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 18, and Defendant's Motion for Summary Judgment, ECF No. 21. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Jeffrey R. McCain.

**I.　Jurisdiction**

On September 17, 2008, Plaintiff filed a Title XVI application for supplemental security income (SSI). Plaintiff alleged she had been disabled beginning September 9, 1985.[1]

---

[1] At the hearing, the ALJ noted that Plaintiff would have been six years old on the alleged onset date. Plaintiff's counsel indicated that the reason he did not amend the onset date is to make sure the records prior to 2002 were sent to the medical expert. Upon question, counsel indicated that he was not making any allegations with regards to Plaintiff's condition prior to the age of 18. (Tr. 43-44.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Her application was denied initially on January 23, 2009, and again denied on reconsideration on March 23, 2009. A timely request for a hearing was made. On October 10, 2010, Plaintiff appeared at a video hearing in Yakima, Washington before Administrative Law Judge (ALJ) Marie Palalchuk, who was presiding in Spokane, Washington. Dr. Ronald Klein, medical expert and K. Diane Kramer, vocational expert, also participated. Plaintiff was represented by attorney Chad Hatfield.

The ALJ issued a decision on November 15, 2010, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on August 22, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on July 30, 2012. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(f).

If the claimant is found disabled, and there is medical evidence of a substance use disorder, the ALJ must determine if the substance use disorder is a

contributing factor material to the determination of disability. 20 C.F.R. § 416.935(a). In making this determination, the ALJ evaluates the extent to which the claimant's mental and physical limitations would remain if the claimant stopped the substance abuse. § 416.935(b). If the remaining limitations would not be disabling, the substance use disorder is a contributing factor material to the determination of disability, and the claimant is not disabled. § 416.935(b)(I). If the remaining limitations are disabling, the claimant is disabled independent of his or her drug addiction or alcoholism and the alcoholism or addiction is not a contributing factor material to the determination of disability. § 416.935(b)(ii).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.  Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 34 years old. She attended school up to ninth grade, at which time she dropped out because she was pregnant. Before that, she was in special education and vocational classes. She has five children, but none live with her. One or two have been adopted and the others live with relatives in various states. Plaintiff reports being sexually abused by a cousin as a child and teenager, raped as a teenager, mentally abused by her father, and mentally and physically abused by her ex-husbands. She gets discouraged very easy and becomes impatient. She asserts she cannot work because of her anxiety and paranoia.

Plaintiff has struggled with addiction to methamphetamine. At the time of the hearing, Plaintiff had been living in a clean and sober house for three weeks. She maintains that when she lives at her dad's place, he requires her to use methamphetamine as a condition of her continuing to live there. The record indicates that she has been homeless on a number of occasions. She does not have a driver's license.

Plaintiff reports that she was able to maintain sobriety after the birth of her youngest son for a year and a half in an attempt to get her kids back. Even so, she decided to let them stay together at her grandmother's house because they had

structure and were attending school and doing really well.

Plaintiff entered treatment in April, 2002. She was court ordered to undergo chemical dependency treatment in order to regain custody of her children. It was reported that she "participated only minimally in treatment" and completed assignments "halfheartedly." (Tr. 514.) She left the treatment in May, 2002. In 2003, she completed 28 days of inpatient treatment.

She also entered treatment in June, 2010, and a week later she left treatment against medical advice. (Tr. 1033.). At that time, she reported that she had participated in one detoxification program, one outpatient treatment program, and two inpatient treatment programs. (Tr. 1034.) She also began inpatient treatment in August, 2010, but left against medical advice in September, 2010. (Tr. 1035.)

**V.    The ALJ's findings**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 17, 2008, the application date. (Tr. 25.)

At step two, the ALJ found Plaintiff has the following severe impairments: posttraumatic stress disorder and alcohol and methamphetamine dependence/abuse (Tr. 25.)

At step three, the ALJ found Plaintiff's impairments or combination of impairments meet or medically equal section 12.06 and 12.09 of CFR Part 404, Subpart P, Appendix 1. (Tr. 29.) In conducting the DAA analysis, the ALJ found that if Plaintiff stopped the substance use, she would not have any impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30.)

The ALJ found that if Plaintiff stopped the substance use, she would have the residual functional capacity to perform a full range of work at all exertional levels. She can understand, remember, and carry out simple, routine and repetitive tasks, but with no contact with the public. She can perform at a productive pace,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

but may need additional time to adjust to changes in the work environment. She is capable of only occasional supervision because she may not respond well to supervisor's criticism. (Tr. 30.)

At step four, the ALJ concluded that if Plaintiff stopped the substance abuse, she would be able to perform past relevant work as a care giver/home health attendant. (Tr. 31.)

## VI. Issues for Review

Plaintiff presents the following issues for review:

1. Did the ALJ improperly reject the opinions of Dr. Trivisonno, Dr. Cooper, Mr. Cute, and Mr. Macias?

2. Did the ALJ commit reversible error by failing to find borderline personality disorder, dissociative disorder, and depressive disorder as step two severe impairments?

3. Did the ALJ commit reversible error by improperly rejecting/omitting Dr. John McRae's opinion from her decision?

4. Did the ALJ commit reversible error by not following the Commissioner's directives regarding co-occurring mental disorders and alcoholism and drug addiction (DAA)?

## VII. Discussion

### 1. Relevant Period of Adjudication

Although not addressed by the parties, the ALJ throughout her order limited the evidence considered to the relevant period of adjudication. (Tr. 22, 29, 32.) The ALJ noted that Plaintiff previously filed four claims for disability benefits which were subsequently denied. (Tr. 22.) The ALJ did not specifically identify the relevant period, but did indicate that any discussion of the previously submitted evidence was relevant only for purposes of considering whether or not Plaintiff's medical condition worsened. (Tr. 22.) The ALJ declined to reopen the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

previous denial determinations. (Tr. 22.) *See* 20 C.F.R. § 404.989 (allowing the Secretary to reopen a decision if there is "good cause" to do so, as where new and material evidence is furnished or the evidence that was considered in making the determination clearly shows on its face that an error was made).

Plaintiff filed a prior application for SSI benefits on September 30, 2004. The claim was initially denied on April 7, 2005 and upon reconsideration on September 19, 2005. (Tr. 91.) Although Plaintiff appealed the decision, she failed to appear at the hearing. Consequently, the September 19, 2005 determination was found to remain in effect. The relevant time period then for this adjudication is between September 19, 2005 and November 10, 2010.

Plaintiff testified at the hearing she had periods of sobriety. Specifically, she stated that she was sober from 2003, after the birth of her youngest child, to a year and a half later. (Tr. 63.) Then, she was clean again about three years later, and her sobriety lasted around two years. (Tr. 63.) She started using again when she was staying at her dad's house in 2008. According to Plaintiff, then, she was sober between 2003 to 2004 (1 ½ years) and between 2007 and 2008 (2 years). The relevant time frame to determine whether her substance abuse caused her PTSD then would be her reported period of sobriety, beginning sometime in 2007 and ending sometime in 2008.

Plaintiff asserts the ALJ erred in not considering the opinions of Dr. Trivisonno, Dr. Cooper, Mr. Cute, and Ms. Macias in determining whether her impairments affected her functioning severely when she had an extended period of abstinence. These opinions were given outside the relevant time period and Plaintiff is not asserting that her condition has worsened. Nor did she ask the ALJ to reopen the prior determination. Because the opinions are not relevant to the ALJ's decision, the ALJ did not err in not addressing these opinions in her order. Also, in making her arguments concerning Ms. Macias, Plaintiff cites to Tr. 791-

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

794. This evaluation, however, does not appear to be pertaining to the Plaintiff. Rather, it appears to be an evaluation for William C. LaPierre. The ALJ did not err when she did not rely on this evaluation since it did not pertain to Plaintiff.

Finally, Plaintiff argues the ALJ erred in failing to address Dr. John McRae's April 1, 2004 opinion that Plaintiff was disabled. Dr. McRae's opinion was also given outside the relevant time period. Additionally, Dr. McRae's reports were neither significant nor probative, because they merely restated reports from other treatment providers, and because he failed to factor out the effects of Plaintiff's drug use.

### 2. Step Two Analysis

Plaintiff argues the ALJ erred by failing to find borderline personality disorder, dissociative disorder, and depressive disorder as severe impairments in step two of the analysis.

The ALJ noted that a number of diagnoses, other than posttraumatic stress disorder, were noted throughout the record. However, the ALJ relied on Dr. Klein's testimony that only posttraumatic stress disorder met the DSM-IV criteria. Dr. Klein noted that there was not psychological testing to support a diagnosis of adjustment disorder, depression, dissociative personality, borderline personality disorder, and anxiety disorder. (Tr. 46-50.) Dr. Klein indicated that he did not put a lot of weight into these diagnoses because: (1) they evidenced diagnostic confusion, i.e. were not established; and (2) they failed to separate out the impact of the illicit drug as required by the DSM-IV. (Tr. 50.)

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 216.921. An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

would have no more than a minimal effect on an individual's ability to work. *Id.*

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). More weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician is employed to cure and has greater opportunity to know and observe the patient as an individual. 20 C.F.R. § 416.927(d)(1); *see also Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995). Likewise, greater weight is given to the opinion of an examining physician than a non-examining physician. *Andrews*, 53 F.3d at 1041. Opinions of physicians who examined the claimant only once should be given less weight than the physicians who treated her. 20 C.F.R. § 404.1527; *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).

Here, the ALJ did not err in relying on Dr. Klein's opinions to determining Plaintiff's severe impairments. Plaintiff asserts that Dr. Trivisonno diagnosed PTSD, dissociative disorder, and possible borderline personality disorder. However, Dr. Trivisonno noted that Plaintiff had a history of being unreliable in terms of follow-up with treatment and observed that she tends to show up whenever she has a GAU reassessment, so he suspected secondary gain issues. (Tr. 560.) He ultimately concluded that most of her psychiatric history is drug-related. (Tr. 560.) Moreover, as set forth above, Dr. Trivisonno's evaluation was conducted in 2004, which is outside the relevant time frame. The ALJ did not err in not relying on Dr. Trivisonno's opinions in conducting the step two analysis.

Plaintiff also argues Dr. Cooper diagnosed major depressive disorder, PTSD, and borderline personality disorder. Dr. Cooper evaluated Plaintiff on April 8, 2003. (Tr. 515.) On Axis I, Dr. Cooper found Plaintiff had a major depressive disorder, recurrent, in partial remission and posttraumatic stress disorder, chronic: Axis II, borderline intellectual functioning and borderline personality disorder:

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

Axis III, arthritis: Axis IV, occupational, economic, educational; and Axis V, GAF 50. (Tr. 519.) She noted that information from Plaintiff regarding her substance abuse differed from what was indicated from the record. (Tr. 515.) For instance, Plaintiff indicated in referral records that she used drugs as a teenager, but laters stated she did not use street drugs until she was 21 years; she stated she had last used drugs in 2001, but there was evidence that she used in 2002. (Tr. 515.) Dr. Cooper noted that Plaintiff had several assault charges and ignored restraining orders while under the influence of street drugs. (Tr. 515.) Dr. Cooper relied on Plaintiff's testimony that she was drug-free for a year, but did not indicate whether her diagnosis was attributable to Plaintiff's drug use. (Tr. 520.)

The ALJ did not err in not relying on Dr. Cooper' diagnoses in conducting the step-two analysis. Dr. Cooper's own report revealed that she was uncertain regarding Plaintiff's self-reported period of sobriety. The ALJ also found that Plaintiff's testimony regarding her sobriety was not reliable or credible.[2] Also, Dr. Cooper's evaluation was conducted in 2003, which is outside the relevant time frame.

Moreover, even if the ALJ erred, such error was harmless because the ALJ concluded that Plaintiff's PTSD was a severe impairment. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); *Gray v. Comm'r of Soc. Sec. Admin.*, 2010 WL 440581 *2 (Feb. 8, 2010 9th Cir.). Also, the ALJ considered her non-severe impairments in determining Plaintiff's residual functional capacity, *i.e.* able to understand, remember, and carry out simple, routine and repetitive tasks; no contact with the public; additional time to adjust to changes in the work environment; and only occasional supervision.

### 3.    DDA Analysis

The underlying issue is whether her drug abuse is material to her disability.

---

[2]Plaintiff has not challenged this finding.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

The ALJ concluded that the limitations described by the medical sources, i.e. treatment providers and examiners, were based on Plaintiff's drug use because the providers often did not realize or were not told about the ongoing substance abuse. The ALJ found the evidence of record clearly shows that Plaintiff was abusing methamphetamine and alcohol throughout the judiciary period.[3] (Tr. 29.)

Here, the ALJ properly conducted the DAA analysis and the ALJ's conclusions are supported by the record.

**VIII. Conclusion**

Plaintiff has not met her burden of showing the ALJ committed legal error, or that her conclusion that Plaintiff was not disabled from September 19, 2005, to November 15, 2010, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing the requirements of a care giver/home health attendant. Also, the record clearly establishes that Plaintiff would not be disabled if she stopped the substance use, and thus, would mandate a finding of not disabled. *See* 42 U.S.C. § 423(d)(2)(C).[4]

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **DENIED**.
2. Defendant's Motion for Summary Judgment, ECF No. 21, is

---

[3] The ALJ cited to the following Exhibits: B10F, B17F/30-31, B20F, and B21F. B10F is a consultative examination report from Dr. Emma Billings (2009); B17F/30-31 is medical records from DSHS Yakima (2009); B20F is medical records from Yakima Valley Farm Workers Clinic (2009-2010); and B21F is treatment records form Nina Rapisarda, MSW. (2010) (Tr. 29.)

[4] (C) An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled. 42 U.S.C. § 423(d)(2)(C).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1 **GRANTED**.

2   3.   The decision of the ALJ denying benefits is **affirmed**.

3   4.   The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

5   5.   The Stipulated Motion RE: Scheduling Order, ECF No. 13, is **DENIED**, as moot.

7   **IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

9   **DATED** this 14th day of February, 2014.

        _s/Robert H. Whaley_
        ROBERT H. WHALEY
        United States District Judge

Q:\RHW\aCIVIL\2012\LaPierre (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13